IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-00111-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ADAM KEITH CHANDLER,

    Defendant.

___

**ORDER OF DETENTION**
___

THIS MATTER came before the court for a detention hearing on March 28, 2019. The government is requesting detention in this case. The defense did not contest detention. In making my findings of fact, I have taken judicial notice of the information in the Pretrial Services Report and the entire court file.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community. 18 U.S.C. § 3142(b). The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

> (1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2)   the weight of the evidence against the person;
>
> (3)   the history and characteristics of the person including–
>
> > (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:   The Defendant is charged with felon in possession of a firearm.   He has failed to appear on six occasions resulting in warrants.   He has had his probation revoked nine times.   He has numerous felony and misdemeanor convictions.   Based on this evidence, I find by a preponderance of the evidence that

the defendant is a risk of flight and by clear and convincing evidence that the defendant is a danger to the community if released on conditions of bond. I find that there are no conditions or combination of conditions that I can impose to assure the defendant's presence and the safety of the community.

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:   March 28, 2019               BY THE COURT:

                                      s/ Scott T. Varholak
                                      United States Magistrate Judge