IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 19-cr-00111-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**ADAM KEITH CHANDLER,**

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Jason St. Julien, Assistant United States Attorney, and the defendant, Adam Keith Chandler, personally and by counsel, Matthew Golla, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A.    Defendant's Plea of Guilty:**

The defendant agrees to: (1) plead guilty to Count One of the Indictment [ECF No. 15], charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a prohibited person; (2) admit the forfeiture allegation contained in the Indictment [ECF No. 15]; and, (3) waive certain appellate rights as described below.

Court Exhibit
1

**B. Government's Obligations:**

In exchange for the defendant's plea of guilty, the United States agrees to: (1) recommend the Court give the defendant full credit for acceptance of responsibility per U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, cmt. n.4, between the time of the guilty plea and sentencing; and, (2) recommend a sentence at the low end of the guideline range as finally calculated by the Court.

**C. Defendant's Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 12; or, (3) the Government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the

following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### D.  Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, section 924(d), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to: (1) the Harrington and Richardson ("H&R"), Model 929 Sidekick, .22 caliber revolver bearing serial number AU026672; (2) the Ruger, Model LC380, .380 caliber semi-automatic pistol bearing serial number 323-99806; and, (3) any and all ammunition related to those firearms. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offense to which defendant is pleading guilty. Pursuant to the provisions of Rule 32.2(b)(1) of the FEDERAL RULES of CRIMINAL PROCEDURE, the United States and the defendant request

that at the time of accepting this plea agreement, the Court find that the Government has established the requisite nexus and enter a preliminary order of forfeiture.

In addition to forfeiture, the defendant further agrees to relinquish all claim, title and interest he has in the above-mentioned property from the defendant to the United States.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

*First*: The defendant knowingly possessed a firearm;

*Second*: The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

*Third*: Before the defendant possessed the firearm, it had moved across state lines and/or from a foreign country to the United States.

**Note**: The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term also includes the frame or receiver of any such weapon, or any firearm muffler or silencer, or destructive device.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. § 922(g)(1) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee. If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have

5

stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows:

On September 19, 2016, the defendant, Adam Keith Chandler, was sentenced to 15 months imprisonment after pleading guilty to possession of a weapon by a previous offender (*Class 6 Felony*) in El Paso County District Court case no. 2016CR955.

On January 11, 2019, Colorado Department of Corrections Community Parole Officer Hathaway ("PO") and Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Task Force Officer ("TFO") Boarman conducted a parole home visit at Chandler's residence: True North Hotel, Room 1, 2105 E. Platte Ave., Colorado Springs, Colorado. Chandler was on parole for a gun conviction (*El Paso County District Court case no. 2016CR955*) and self-reported that he resided at the previously mentioned address.

At approximately 1:03 p.m., PO Hathaway and TFO Boarman arrived at the hotel wearing visible law enforcement clothing, *e.g.*, tactical vests with "Sheriff" and "Parole" on the front. TFO Boarman proceeded to the building's rear to secure that area. PO Hathaway approached the front door and heard what he believed to be someone unlocking the door. At that point, Chandler opened the door slightly and observed PO Hathaway. Chandler looked surprise. PO Hathaway identified himself by stating,

"Parole." Chandler then immediately slammed the door shut. PO Hathaway used his shoulder to push the door open and gave the following command, "Parole. Open the door."

PO Hathaway entered the residence with TFO Boarman behind him. PO Hathaway continued into the room and encountered a female in the bathroom. TFO Boarman observed Chandler behind the door and observed that Chandler was in a fetal position on the floor with his hands covering his stomach area. TFO Boarman ordered Chandler to show his hands. Chandler did not show his hands and told TFO Boarman that someone was trying to kill him. TFO Boarman ordered Chandler to show his hands numerous times. Chandler finally complied and TFO Boarman handcuffed him.

PO Hathaway and TFO Boarman helped Chandler to his feet and conducted a safety pat down. PO Hathaway felt what he believed to be a revolver inside Chandler's front, right pants pocket. PO Hathaway retrieved a Harrington and Richardson ("H&R"), Model 929 Sidekick, .22 caliber revolver bearing serial number AU026672. The revolver was loaded with eight rounds in the chamber.

PO Hathaway advised Chandler of his *Miranda* rights. Chandler acknowledged such rights, waived them, and agreed to speak with PO Hathaway. Chandler stated that he got the gun for "her" and motioned to the female that was in the hotel room.

Chandler acknowledged that he could not possess a firearm and stated that he had used narcotics earlier that morning.

Several El Paso County Sheriff's Deputies arrived on scene to transport Chandler and the female. Deputy Juhl conducted a secondary pat down search of Chandler prior to placing him into a patrol vehicle. During that pat down, Deputy Juhl retrieved a Ruger, Model LC380, .380 caliber semi-automatic pistol bearing serial number 323-99806 from within a tight, elastic black undershirt that has pockets to conceal small firearms.

The firearms function as designed and were not manufactured in the state of Colorado. Therefore, they must have crossed state lines prior to Chandler possessing them on January 11, 2019.

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.  The base guideline is § 2K2.1(a)(6), with a base offense level of **14** because the defendant was a prohibited person at the time he committed the offense.

B.  No specific offense characteristics in § 2K2.1(b) apply.

C.  There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

D.  The defendant should receive a **2-level** adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be **12**.

E.  The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on the information currently available to the parties, the Government estimates that the defendant's criminal history category would be **VI**.

F.  Assuming the criminal history facts known to the parties are correct, the armed career criminal statute does not apply.

G.  <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of **12** and the above criminal history category **VI** is 30 – 37 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level

estimated above could conceivably result in a range from 10 months (bottom of Category I) to 37 months (top of Category VI).

In any event, the guideline range would not exceed the statutory maximum applicable to the count of conviction.

H. <u>Fine</u>: Pursuant to guideline § 5E1.2, assuming the estimated offense level of <u>12</u>, the fine range for this offense would be $5,500 to $55,000 plus applicable interest and penalties.

I. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

J. The parties agree that there is no restitution in this case.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary

10

entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the Government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 5/21/19

Adam Keith Chandler
Defendant

Date: 5/21/19

Matthew Golla
Attorney for Defendant

11

Date: 6/25/19

_____
Jason St. Julien
Attorney for the United States