IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00111-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ADAM KEITH CHANDLER,

        Defendant.

___

**DEFENDANT'S SENTENCING STATEMENT**
___

Defendant, through counsel, submits this Sentencing Memorandum seeking a downward variance pursuant to the factors outlined in 18 U.S.C. § 3553(a) and a sentence of 30 months followed by a three-year term of supervised release.

## INTRODUCTION

**A.    A Below Guideline Sentence is Appropriate in this Case Because It Would Be Sufficient But Not Greater Than Necessary Under the § 3553(a) Factors**.

Congress directs sentencing judges to "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added). These purposes include, *inter alia,* the need to reflect the seriousness of the offense and promote respect for the law, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with needed educational or vocational treatment. *See* 18 U.S.C. § 3553(a)(2).

## ARGUMENT:  THE § 3553(a) FACTORS WARRANT
## A SENTENCE BELOW THE ADVISORY GUIDELINE RANGE

### A.   Nature of the Offense

Among the factors which this Court must consider is the nature of the offense.  *See* 18 U.S.C. § 3553(a)(1).  Mr. Chandler's parole officer arrived at the True North Hotel on January 11, 2019; Mr. Chandler's place of residence.  After the parole officer and an ATF gained entry to Mr. Chandler's room he was handcuffed.  Subsequent to handcuffing Mr. Chandler, a safety pat down revealed a .22 caliber revolver in Mr. Chandler's right front pocket.

Prior to transporting Mr. Chandler to the El Paso County Jail, a secondary pat down revealed a Ruger, Model .380 caliber semi-automatic pistol within an elastic black undershirt Mr. Chandler was wearing.

### B.   History and Characteristics of the Offender

Drugs have ravaged Mr. Chandler up to this point in his life.  As outlined in the PSI, Mr. Chandler first consumed alcohol at age 13, and has done so throughout his adult life[1].  *See* PSI at ¶ 70.  Mr. Chandler began using powder cocaine at age 21 and used it sporadically until this past year.  *Id.* at ¶ 72.  In his early-twenties, Mr. Chandler began using methamphetamine. During the year following up to his arrest, Mr. Chandler used a gram of methamphetamine daily. *Id.* at ¶ 73.

Every phase of Mr. Chandler's life, since the age of thirteen, has involved struggles with a drug of one sort or another.  It comes as no surprise that the instant case stems in part from his drug addiction.

Mr. Chandler did not enjoy a happy childhood.  His father passed away when Mr. Chandler was 13 years old leaving him with a mentally ill mother who expressed very little love for her son.

---

[1] Mr. Chandler's drug use began at an early age after the passing of his father.

2

With such a dismal setting, Mr. Chandler drifted toward the earlier mentioned drug use that gravitated into additional criminal activity.

There is also the haunting specter of mental illness that has plagued Mr. Chandler throughout his life. He has struggled with post-traumatic stress disorder, depression and attention deficit disorder. *See* PSI at¶ 66. These disorders have all contributed to his drug use over the years.

Mr. Chandler's criminal history is set forth in paragraph 33 to 44 of the PSI. It consists of four convictions for possession of a controlled substance between the years of 2003 to 2005. *See* PSI at ¶'s 35-38. Mr. Chandler was in his early twenties, during the time frame, and began to use methamphetamines.

Additional convictions include burglary of a building in 2007 (11 year DOC sentence) and attempted distribution of a controlled substance in 2008 (9 year DOC sentence). *See* PSI at ¶'s 39-40. Each of these sentences were concurrent and resulted in Mr. Chandler spending approximately four years in prison before being released in May of 2011. Without significant mental health and drug treatment Mr. Chandler struggled for a while but ended up back in prison after a conviction for vehicular eluding in 2013 and another stay of two years in prison. *Id.* at ¶41.

Mr. Chandler's most recent conviction for possession of a firearm in 2016 triggered a 15 months sentence. *Id*. at ¶42. It is interesting to note that after Mr. Chandler sentence in that case was 15 months. The requested sentence of 30 months made by the defense is double what Mr. Chandler served on his most recent firearm conviction.

Upon his release from state prison in May of 2019, Mr. Chandler faced an extremely difficult situation. Back in society, after having spent the majority of his adult life behind bars, Mr. Chandler's untreated mental illness fed his longstanding and untreated drug addiction. He

really did not stand a chance without significant long term in-patient treatment to address his PTSD and drug addiction.[2]  As in the past, Mr. Chandler began to self-medicate to suppress his mental health demons.  The daily use of methamphetamine drove the paranoia that accompanies methamphetamine use and Mr. Chandler acquired firearms to protect himself.

At age 36, Mr. Chandler has learned to become comfortable in prison, but wants to learn to be comfortable in society.   Mr. Chandler realizes that he has disappointed his 12-year-old son, Jonah and after another absence from his life, is motivated become a better father.

### C. Seriousness of the Offense and Respect for the Law

A below-guideline sentence can be fashioned to adequately reflect the seriousness of the offense and promote respect for the law.  Here, a guideline sentence of 30 months is sufficient to satisfy the objectives of 18 U.S.C. §3553(a).

### D. Deterrence

When Courts face individuals with multiple prior criminal convictions, the instinct is to conclude that the prior term of imprisonment did not deter their conduct because now an additional crime has been committed.  Therefore, additional imprisonment is warranted.

However, as it relates to deterrence, the real question is whether a 37 month (as requested by the probation department) will have any additional deterrent effect beyond that which would be accomplished by the 30-month sentence requested by undersigned counsel.  In other words, is an additional 7 months more likely to deter Mr. Chandler?  Further prison time, in many cases such as this, will only serve to institutionalize Mr. Chandler.   Mr. Chandler needs no further deterrence to impress upon him the lesson that he cannot possess a firearm.

---

[2]  Mr. Chandler was on the waitlist for a long term outpatient treatment program after his release.

4

### E. Protecting the Public

A sentence of 30 months will protect the public from further crimes of Mr. Chandler. The public's protection will be adequately satisfied by this sentence for the reasons previously stated. Up to this point in his life, Mr. Chandler has been through the wringer. He is faced with a fork in the road and understands that he must address his substance abuse/mental health issues once he is released. He also understands that his path will not be easy but he is determined to make it this time.

### F. The Kind of Sentences Available

Just as important as it is to punish Mr. Chandler, it is also important to treat his drug addiction and mental health issues and prevent future criminal conduct. Mr. Chandler wants to learn how to cope with his PTSD and his addiction and seek alternative options that do not involve him using drugs and possessing firearm. Mr. Chandler wants to leave prison and participate in significant treatment and counseling.

The best way to correct his behavior is to expend significant resources on the back end of his sentence, not increase the amount of incarceration. The Court should impose a sentence of intensive inpatient treatment following the period of incarceration. In addition, mental health treatment, while available in the Bureau of Prisons, is nevertheless a poor substitute for the effective treatment that can be provided outside of prison during a term of supervised release. As such, Mr. Chandler, through undersigned counsel, recommends a sentence of 30 months followed by three years of intense supervision to include mental health treatment.

Such a sentence would result in 30 months of federal intervention in Mr. Chandler's daily life, essentially creating a balance between punitive and rehabilitative goals. Thirty months behind bars is sufficient to punish Mr. Chandler for possessing a firearm as a felon, and three

additional years on supervision when Mr. Chandler can receive effective mental health and substance abuse treatment. Overall, such a comprehensive sentence would be sufficient, but not greater than necessary, to achieve the overall goals of sentencing as set out by Congress.

WHEREFORE, Mr. Chandler respectfully requests that this Court vary downward from the advisory guidelines to a sentence of 30 months followed by a three-year term of supervised release.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Matthew C. Golla
Matthew C. Golla
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Matt_Golla@fd.org
Attorney for Defendant

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2019, I electronically filed the foregoing

## DEFENDANT'S SENTENCING STATEMENT

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email, addresses:

    Jason St. Julien, Assistant United States Attorney
    Email:  Jason.st.julien@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Adam Chandler  (V*ia U.S. Mail)*

    s/ Matthew C. Golla
    Matthew C. Golla
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Matt_Golla@fd.org
    Attorney for Defendant