IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-CR-00111-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    ADAM KIETH CHANDLER,

    Defendant.

---

**ORDER OF DETENTION**

---

THIS MATTER came before me for preliminary and detention hearing on June 7, 2023, subsequent to the defendant's arrest on a Petition for Warrant for Offender Under Supervision [#40] (the "Petition"). Martha Paluch on behalf of the Government, Laura Suelau on behalf of the defendant, Keenan Staten on behalf of probation. The defendant waived his right to a preliminary hearing. Both sides presented argument on the issue of detention.

Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure governs the issue of detention where a person has been arrested for violating probation or supervised release. The Rule provides that the person must be taken without unnecessary delay before a magistrate judge who, among other things, must make a determination of detention as follows:

> The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. **The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.**

Fed. R. Crim. P. 32.1(a)(6) (emphasis added).

1

18 U.S.C. § 3143(a) provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless–
>
> > (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> >
> > (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> >
> > (B) the judicial officer finds **by clear and convincing evidence** that the person is not likely to flee or pose a danger to any other person or the community.

(Emphasis added.)

In making my findings of fact, I have taken judicial notice of the information contained in the court file and considered the evidence and arguments presented at the preliminary hearing and detention hearing. After considering all appropriate factors, I conclude that the defendant has failed to establish by clear and convincing evidence that he does not pose a danger to the community or a flight risk.

As recited in the Petition for Warrant, the Defendant committed vehicular eluding and prostitution. He fled from the Colorado Spring Police to New Mexico, which was itself a violation of the terms of supervised release. He also has numerous instances of use of illegal drugs.

Based on these allegations, the Court finds that there are no conditions or combination of conditions that the Court could impose that would reasonably assure the safety of the community or the defendant's presence at future court dates. Accordingly,

IT IS ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED:  June 8, 2023                                   BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge